UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

FILED & ENTERED

DEC 23 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY reid    DEPUTY CLERK

In re:

ALON DARVISH,

SBN: 231257

THAVY TANKSLEY,

        Debtor.

Case Number: 8:17-bk-14536-ES

CHAPTER 7

**STATEMENT OF CAUSE**

Date: October 3, 2019
Time: 10:30 a.m.
Courtroom: 5A
Address: 411 W 4th Street
         Santa Ana, CA 92701

**To the Disciplinary Panel of the Bankruptcy Courts for the Central District of California:**

The undersigned Judge of the Bankruptcy Court of the Central District of California, Santa Ana Division conducted a hearing on October 3, 2019 at 10:30 a.m., on the United States Trustee's Renewed Motion to Refer attorney Alon Darvish (CA State Bar No. 231257) ("Darvish") to the Disciplinary Panel of Bankruptcy Courts for the Central District of California, pursuant to Fourth Amended General Order 96-05 filed on September 15, 2011, or alternatively to Impose Discipline under the Court's inherent authority to discipline attorneys appearing before the Court pursuant to Local Rule 83-3.1 of the Local Rules of the Central District of California, (the "Renewed Motion"). Evidence at the hearing showed that Darvish was attorney of record in not only the above captioned chapter 7 case but in cases filed in the Riverside Division and in the matters of *In re: Solis,* Case No.: 6:17-bk-12442-SY and *In re: Alfredo Adriano,* Case No.: 6:18-bk-20737-MH.

The Findings of Fact and Conclusions of Law in Support of the Order Granting the United States Trustee's Renewed Motion to Refer Darvish to the Disciplinary Panel for Bankruptcy Courts of the

Central District of California, hereto as **Exhibit "A"**, detail how Darvish failed to abide by the terms of a Stipulation he agreed to and Order Approving Stipulation requiring him, among other things, to obtain a mentor to assist him and supervise him in his law practice and to take Continuing Legal Education ("CLE") in the areas of Ethics and Law Office Management.

As the attorney of record in the matter of *In re: Solis*, Darvish had agreed to a Stipulation approved by Judge Yun, that he would no longer file emergency bankruptcy petitions or face sanctions if he did so. Nevertheless, as attorney of record in the *Alfredo Adriano* case, and subsequent to the Order being entered in the *Solis* matter, Darvish filed Adriano's emergency bankruptcy petition, having admitted to doing so on the record during the October 3, 2019 hearing on the U.S. Trustee's Renewed Motion.

Pursuant to the Fourth Amended General Order 96-05, the undersigned United States Bankruptcy Judge for the Central District of California, Santa Ana Division issues this Statement of Cause and refers attorney Alon Darvish, State Bar No.: 231257 to the Disciplinary Panel for the Central District of California for appropriate discipline, with the recommendation that he be suspended from practicing law before this Court for a period of not less than two years and that reinstatement be conditioned upon providing evidence that Darvish has completed at least six hours of continuing legal education in Ethics and at least six hours of continuing legal education in law office management from an educational provider approved by the State Bar of California. The undersigned Judge defers to the Disciplinary Panel for such other and further discipline and/or conditions that the Disciplinary Panel deems appropriate.

In aggravation, the undersigned Judge notes that Darvish is currently facing charges filed by the State Bar of California alleging violations of the California Rules of Professional Conduct and California Business and Professions Code involving his representation of two bankruptcy clients in 2016. The undersigned Judge also notes that currently pending before Judge Houle, in the Riverside Division in the *Adriano* matter, is an Order to Show Cause Why Alon Darvish Should Not Be Sanctioned for filing an

emergency bankruptcy petition for Alfredo Adriano in apparent violation of Judge Yun's earlier order prohibiting Darvish from doing what he has admitted to doing, to wit, filing emergency bankruptcy petitions. The continued hearing on that Order to Show Cause is schedule to be heard on January 30, 2020 at 1:00 p.m., in Judge Houle's courtroom in the Riverside Division.

In support of this referral, and in addition to the Findings of Fact and Conclusions of Law attached as **Exhibit "A"**, please refer to the documents filed on the Docket in this case, particularly in the Motion for Order to Show Cause Why Attorney Darvish Should Not be Referred to the Disciplinary Panel for Bankruptcy Court for the Central District filed by the United States Trustee on April 12, 2018 [Docket #26] and the Renewed Motion to Refer Darvish to the Disciplinary Panel filed on August 16, 2019 [Docket #48] and attached Exhibits to the Request for Judicial Notice ("RJN"), particularly the following:

1. Transcript of Hearing on the U.S. Trustee Renewed Motion dated October 3, 2019, **Exhibit "A"** to the RJN Filed in Support of the Order Granting the U.S. Trustee's Renewed Motion to Refer Darvish to the Disciplinary Panel.

2. The Order Approving Stipulation requiring Darvish to, among other things, participate in a mentoring program and to complete continuing legal education in Ethics and Law Office Management entered November 1, 2018 [Docket #43] and **Exhibit "C"** to the RJN.

3. Declaration of Darvish filed on November 30, 2018 [Docket #18] and **Exhibit "D"** to the RJN.

4. The Renewed Motion filed by the United States Trustee [Docket #48] and **Exhibit "E"** to the RJN.

5. Darvish's late filed Opposition to the Renewed Motion [Docket #57] and **Exhibit "F"** to the RJN.

6. The California State Bar Profile and Notice of Disciplinary Charges filed by the State Bar of California on May 14, 2018 and collectively marked **Exhibit "G"** to the RJN.

3

7. The Docket of Proceedings in the matter of *In re: Alfredo Adriano,* Case No.: 6:18-bk-20737-MH, [Docket #60].

8. The Order Granting the United States Trustee's Renewed Motion referring Darvish to the Disciplinary Panel for Bankruptcy Courts for the Central District of California, (the "Order") and tentative ruling attached to the Order as **Exhibit "A"**.

###

Date: December 23, 2019

Erithe Smith
United States Bankruptcy Judge

Peter C. Anderson
United States Trustee
Frank M. Cadigan, SBN 95666
Assistant United States Trustee
Office of the U.S. Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701
Tel: 714-338-3400
Fax: 714-338-3421
Frank.Cadigan@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THAVY TANKSLEY,<br><br><br><br>Debtor. | CASE NUMBER: 8:17-bk-14536-ES<br><br>CHAPTER 7<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S RENEWED MOTION TO REFER ATTORNEY ALON DARVISH CALIFORNIA STATE BAR NUMBER 231257 TO THE DISCIPLINARY PANEL FOR BANKRUPTCY COURTS FOR THE CENTRAL DISTRICT OF CALIFORNIA OR IN THE ALTERNATIVE IMPOSE DISCIPLINE PURSUANT TO LOCAL RULE 83-3.1 OF THE LOCAL RULES OF THE CENTRAL DISTRICT OF CALIFORNIA<br><br>DATE:  October 3, 2019<br>TIME:  10:30 a.m.<br>CTRM:  5A |

A hearing was held on October 3, 2019 at 10:30 a.m., before the Honorable Erithe A. Smith, United States Bankruptcy Judge for the Central District of California, in Courtroom 5A located at 411 West Fourth Street, Santa Ana, CA, on the Renewed Motion of the United States Trustee to Refer Attorney Alon Darvish, California State Bar No.: 231257 to the Disciplinary Panel for Bankruptcy Courts for the Central District of California (the "Disciplinary Panel") or in the Alternative, Impose Discipline Pursuant to Local Rule 83-3.1 of the Local Rules of the Central District of California, filed August 16, 2019 [Docket #48]. Frank M. Cadigan, Assistant United States Trustee, appeared for the moving party the United States Trustee for Region-16 and Alon Darvish appeared representing himself.

1

The Court, having heard the statements of counsel, and having consider the late filed opposition by Attorney Alon Darvish, makes the following Findings of Fact and Conclusions of Law in support of the Order granting the United States Trustee's Motion and referring Attorney Alon Darvish to the Disciplinary Panel, decided in connection with the hearing on October 3, 2019 at 10:30 a.m., recorded as evidenced in the transcript of proceedings attached to the Request for Judicial Notice ("RJN"), filed concurrently herewith and marked **Exhibit "A"** and incorporated herein by reference.

### **FINDINGS OF FACT:**

1. On November 17, 2017 Thavy Tanksely (the "Debtor") filed a voluntary Chapter 7 case assigned case number 8:17-bk-14536-ES.[1] See Electronic Docket of Proceedings dated December 2, 2019 [Docket #1] at bates stamped page 030, attached to the RJN and marked **Exhibit "B"**.

2. The attorney of record representing the debtor is Alon Darvish of the Law Offices of Alon Darvish of the Law Offices of Alon Darvish (the "Frim"). See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 029, attached to the RJN and marked **Exhibit "B"**.

3. On November 22, 2017, the bankruptcy case was closed by the clerk of the court. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 032 [Docket #10], attached to the RJN and marked **Exhibit "B"**.

4. On December 2, 2017 the United States Trustee filed a motion to reopen case for the limited purpose of pursuing a section 329 motion against Alon Darvish, in connection with his representation of the Debtor. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 032 [Docket #12], attached to the RJN and marked **Exhibit "B"**.

---

[1] The U.S. Trustee requests the court take judicial notice of its own files pursuant to FRE 201, which is applicable in bankruptcy cases through FRBP 9017, including the Debtor's petition and accompanying documents, which were filed with this court and all other pleadings filed in connection with the United States Trustee's Motion and Renewed Motion to refer Alon Darvish to the Disciplinary Panel or to impose other discipline pursuant to Rule 83-3.1 of the Local Rules of the Central District of California.

2

5. On January 11, 2018, the court granted the motion to reopen case. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 033 [Docket #21], attached to the RJN and marked **Exhibit "B"**.

6. On December 8, 2017 the U.S. Trustee filed a motion to disgorge fee under section 329 of the Bankruptcy Code. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 033 [Docket #16], attached to the RJN and marked **Exhibit "B"**.

7. On February 20, 2018 the court entered an order granting the U.S. Trustee's Motion and Determined that the fees paid to attorney Alon Darvish were excessive and order attorney Darvish to disgorge the amount of $595.00 within 30 days and to file a declaration of compliance. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 034 [Docket #23 and #24], attached to the RJN and marked **Exhibit "B"**.

8. On April 12, 2018, the U.S. Trustee filed a motion for order to show cause why Alon Darvish should not be referred for discipline for failing to comply with courts order to disgorge the $595.00. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 034 [Docket #26], attached to the RJN and marked **Exhibit "B"**.

9. On May 23, 2018 attorney Darvish responded to the motion alleging that he had disgorged the amount of $595.00. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 035 [Docket #31], attached to the RJN and marked **Exhibit "B"**.

10. On May 29, 2018 the U.S. Trustee filed a reply to the response alleging that since the filing of the initial motion to disgorge fees, the United States Trustee had uncovered systemic problems in other cases filed by attorney Darvish that raised concerns about whether Mr. Darvish was adequately serving his clients and the public interest. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 035 [Docket #32], attached to the RJN and marked **Exhibit "B"**.

11. In an effort to address and resolve the concerns of the United States Trustee regarding Mr.

Darvish's practices, the court approved one stipulation continuing the hearing on the OSC Re: Discipline in order to afford the parties time to work out a resolution. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamped page 036 [Docket #34], attached to the RJN and marked **Exhibit "B"**.

12. The Court went on to continue the hearing on the OSC two more times until eventually A stipulation was filed and approved by this Court on November 1, 2018. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamp page 038 [Docket #42] attached to the RJN and marked **Exhibit "B"**, as well as a true and correct copy of the Order Approving Stipulation, which embodies the terms of the stipulation. The Order is attached to the RJN and marked **Exhibit "C"**.

13. On August 16, 2019 the United States Trustee file a Renewed Motion to Refer Alon Darvish to the Disciplinary Panel or alternatively to discipline attorney Darvish pursuant to the Central District's Local Rules. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamp page 039 [Docket #48] attached to the RJN and marked **Exhibit "B"**.

14. A hearing on the Renewed Motion was scheduled for October 3, 2019 at 10:30 a.m. See Electronic Docket of Proceedings dated December 2, 2019 at bates stamp page 039 [Docket #50] attached to the RJN and marked **Exhibit "B"**.

15. At the hearing conducted on October 3, 2019, Mr. Darvish represented that his practice had become better but understood the concerns of the U.S. Trustee. See Transcript dated October 3, 2019 at bates stamped page 004, lines 16-20, which is attached to the RJN and marked **Exhibit "A"**.

16. Mr. Darvish did acknowledge that he "didn't see the full scope of things as far as what needed to be done." See Transcript at bates stamped page 004, lines 14-15 at **Exhibit "A" of the RJN.**

17. The Court finds that what needed to be done is outlined, in detail, in the stipulation Mr.Darvish signed and which the Court approved, which provided as follows:

4

• that he participate in a mentoring program for a period of no less than 18 months, and provide the name of the mentor who will review and advise attorney Darvish on all aspects of potential chapter 13 filings and approve those petitions in advance of filing;

• complete 6 hours of continuing education in Ethics and 6 hours of continuing education in law office management in courses approved by the state bar of California;

• join a professional organization;

• personally meet with clients;

• timely comply with court orders;

• establish a dual calendaring system to track deadlines and court appearances;

• avoid conflicts of interest;

• read the case of *In re: Israel Garcia*, Case No.: 2:17-bk-10635-NB which discusses the requirement of good faith in Chapter 13 cases and the reasonable expectations on the part of debtors that he or she can successfully reorganize and must undertake efforts to carry out the reorganization;

• that attorney Darvish be familiar with the Central District Local Rules pertaining to Chapter 13 cases as well as the Local Bankruptcy Rules; and

• that attorney Darvish file a declaration on or before November 30, 2018 that he read the handout materials form the OCBF seminar titled " How to Successfully Prosecute a Chapter 13 Bankruptcy Using the New Forms (and Rules) which was presented on November 16, 2017.

18. The Court finds that on November 30, 2018, attorney Darvish filed a declaration in Case No. 8:17-bk-14536-ES, the pending case involving the Renewed Motion, however the declaration was mistakenly docketed in case number 8:18-bk-10410-ES. A true and correct copy of the declaration filed in case number 8:18-bk-10410-ES is attached to the RJN and marked **Exhibit "D"**.

19. In that Declaration attorney Darvish states that he has completed the following provisions set

forth in the order approving stipulation entered on November 1, 2018 [Docket #43] and referred to herein as **Exhibit "C" to the RJN**, to wit:

- read the actual ruling issued by Judge Neil Bason in the matter of *In re: Israel Garcia*;
- joined the Central District Consumer Bankruptcy Association and will actively participate; and
- established a dual calendaring system.

20. The Court finds that despite having received notice of the time to file and opposition to the United States Trustee's Renewed Motion, attorney Darvish filed a late opposition on October 1, 2019 and only three (3) days prior to the hearing. Attached to the RJN and marked **Exhibit "F"** is a true and correct copy of the opposition filed by attorney Darvish, [Docket #57].

21. The Court finds that although attorney Darvish admits that he entered into a stipulation with the U.S. Trustee and approved by the court, he also admits that he has not complied with all terms of the stipulation that he agreed to nearly one year ago. Specifically, at page 5 of the stipulation at lines 13-16, Mr. Darvish admits ". . . it was an awaking for Mr. Darvish to change certain procedures within his practice and although he may not have adhered to some of the conditions of the stipulation, Mr. Darvish believes he is preforming substantially better than before signing the stipulation."

22. The Court finds that attorney Darvish did not fulfill, in any manner, the other requirements that were agreed to in the Stipulation and approved by the court, the most troubling deficiency being the lack of participating in a mentoring program and failing to adequately explain why he did not take the required Continuing Legal Education ("CLE") courses he agreed to take.

23. The Court finds that the CLE courses Mr. Darvish did take were not the Ethics or Law Office Management courses Mr. Darvish agreed to complete.

24. The Court finds that Mr. Darvish's deficiencies, in his law practice, are systemic and impacts Bankruptcy Courts division wide in the Central District of California.

25. Specifically, and in addition to the problems already noted, and based on admissions by

attorney Darvish at bates stamped page 22, lines 20-24 of the Transcript dated October 3, 2019 and referred to as **Exhibit "A" in the RJN,** attorney Darvish admits that he violated the provisions of an order entered by Judge Yun in the Riverside Division involving the matter of *In Re: Solis,* Case No.: 6:17-bk-12442-SY, where Judge Yun prohibited attorney Darvish from filing any future emergency bankruptcy petitions in the Central District of California or face sanctions. **See [Renewed Motion] at Docket #48 and Exhibit E attached to the Renewed Motion at bates stamped pages 062-063 in the RJN.**

26. The Court finds that attorney Darvish, subsequent to the issuance of Judge Yun's order, did in fact file an emergency bankruptcy petition, in violation of that order. ***See In re: Alfredo Adriano*, Case No. 6:18-bk-20737-MH attached as Exhibit D [bates stamped pages 058-061] to the Renewed Motion referred to herein at Docket #48 in the Electronic Docket of Proceedings, Exhibit "B" and attached to the RJN as Exhibit "E".**

27. The Court finds that at all times during negotiations with the United States Trustee's Office, that ultimately led to Stipulation approved by the Court on November 1, 2018 [Docket #43,] attorney Darvish was involved in California State Bar Proceedings initiated on May 14, 2018. A true and correct copy of attorney Darvish's State Bar Profile and copy of the Notice of Disciplinary Charges involving attorney Darvish are attached hereto and collectively marked **Exhibit "G" in the RJN.**

28. The Court finds and takes judicial notice that the Notice of Disciplinary Charges allege violations of the California Rules of Professional Conduct and Business and Professions Code.

29. The Courts finds that the conduct of attorney Darvish, involving his representation of Bankruptcy clients, is a division wide issue affecting the public interest and warrants referral to the Disciplinary Panel.

//

//

**CONCLUSIONS OF LAW:**

A. The Court concludes that it has jurisdiction over this matter pursuant to *28 U.S.C. §§157 and 1334.*

B. The Court concludes that attorney Darvish violated *FRBP 9011*, by filing an emergency bankruptcy petition for an improper purpose in the matter of In re: *In re: Alfredo Adriano*, Case No. 6:18-bk-20737-MH, in violation of an order entered by Judge Yun of the Riverside Division, involving the matter of *In Re: Solis,* Case No.: 6:17-bk-12442-SY, which prohibited attorney Darvish from filing emergency bankruptcy petitions.

C. The Court concludes that under and pursuant to *11 U.S.C. §105(a)* the Court is empowered to Issue any process to prevent an abuse of the process and further concludes that a lawyers willful violation of a court order, and failing to abide by the terms of a stipulation, approved by the Court, is an abuse of process justifying referral to the Disciplinary Panel.

D. This Order constitutes a final order within the meaning of 28 U.S.C. §158(a).

E. To the extent any Conclusions of Law set forth above constitute a Finding of Fact or vice versa, the Court also concludes and finds appropriate.

###

8